PENNSYLVANIA & SOUTHERN GAS COMPANY, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 55245.)

Third Department, April 28, 1977

*Spiro, Felstiner, Prager & Treeger (Sidney Z. Searles* and *William W. Prager* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General (Joseph F. Gibbons* and *Ruth Kessler Toch* of counsel), for respondent.

SWEENEY, J. Claimant operates a gas distribution facility. Pursuant to section 30 of the Highway Law, defendant appropriated a part of claimant's property located in the Village of Waverly, New York, in anticipation of the construction of the Southern Tier Expressway, specifically referred to in section 340-c of the Highway Law. This property, previously located on the north side of Deily Street in the Village of Waverly, contained improvements including a building used to house distribution equipment belonging to claimant. It was stipulated during trial that the total damage to the real property was $2,500. It is also contended by claimant that as a result of the selection of the route for the expressway and the method of construction, the retirement, relocation and replacement of a considerable portion of claimant's distribution facilities were necessitated. Claimant urges that this relocation of the facilities located in the streets of the Village of Waverly entitles it to adequate compensation. The trial court awarded claimant $2,500 for all damages, direct and consequential, with appropriate interest and this appeal ensued.

The long-established common-law rule applicable in the present case provides that a utility company must relocate its facilities in the public streets at its own expense when changes are required by public necessity except when the change is required in behalf of other public service corporations or in behalf of municipalities exercising a proprietary rather than a governmental function *(Matter of Consolidated*

*Edison Co. of N. Y. v Lindsay,* 24 NY2d 309; *Transit Comm. v Long Is. R. R. Co.,* 253 NY 345). Since the building of the expressway is a governmental function and not in behalf of a public service corporation, application of this rule would preclude claimant from compensation for relocation expenses. Claimant argues, however, that subdivision 3 of section 340-d of the Highway Law authorizes payments by the State of compensation to claimant for relocation costs and, therefore, the common-law rule does not apply. We disagree. Express direction of the Legislature shifting the relocation costs from the utility company is necessary in order to abrogate the common-law rule and we are of the opinion that the broad definition of "property" in subdivision 3 of section 340-d fails to provide such express direction (see *Matter of Consolidated Edison Co. of N. Y. v Lindsay, supra).* The common-law rule applies, therefore, and claimant is not entitled to reimbursement for relocation costs of the facilities in the public streets.

Although the common-law rule of noncompensability applies in the situation where the facilities were located under the public streets, a different rule applies to the appropriation of the property on the north side of Deily Street which was owned in fee by claimant. Application of the common-law rule of noncompensability is based upon the theory that the use of public streets by a utility company is a special privilege and, therefore, the company assumes the risk of relocation *(Tennessee Gas Transmission Co. v State of New York,* 32 AD2d 71, 75, affd 27 NY2d 608). The location of claimant's equipment and facilities on the property north of Deily Street was not a special privilege since claimant owned that property in fee, and therefore, the common-law rule of noncompensability does not apply. The taking by the State of claimant's property which claimant owned in fee requires payment not only of direct damages for the property taken but also the payment of any consequential damages to the remainder *(Matter of City of New York [North River Water Front],* 219 App Div 27; *Matter of Mayor etc. of New York,* 39 App Div 589). The State is responsible for the lesser of the uncured consequential damages or the cost to cure damages (see *Hewitt v State of New York,* 54 AD2d 812). The trial court's award for the property owned in fee was based on the erroneous application of the common-law rule of noncompensability and, therefore, a new trial is necessary regarding that part of the award.

Claimant's final argument that the denial of compensation

for the relocation of equipment formerly located under public streets is an unconstitutional denial of the equal protection of the law is without merit. Claimant contends that utilities affected by New York State Thruway construction requiring relocation of equipment are reimbursed pursuant to section 359 of the Public Authorities Law while no such compensation is allowed utilities forced to relocate equipment due to State expressway construction. There is no denial of equal protection if the classification has some reasonable basis *(Matter of Bauch v City of New York,* 21 NY2d 599). In view of the fact that the Thruway is a toll road which can itself generate the funds necessary to reimburse utility companies for relocation, we are of the opinion that a rational basis exists for the distinction between reimbursements for Thruway construction and reimbursements for other expressway construction. There is thus no denial of equal protection of the law.

The judgment should be modified, on the law and the facts, so as to direct a new trial with respect to the damages occasioned by the appropriation of the property owned in fee by claimant, and, as so modified, affirmed, without costs.

GREENBLOTT, J. P., MAIN, LARKIN and HERLIHY, JJ., concur.

Judgment modified, on the law and the facts, so as to direct a new trial with respect to the damages occasioned by the appropriation of the property owned in fee by claimant, and, as so modified, affirmed, without costs.