■ In the Matter of INCORPORATED VILLAGE OF ISLAND PARK, Condemnor. ESTATE OF REBECCA ALTMAN, Appellant; INCORPORATED VILLAGE OF ISLAND PARK, Respondent.—In a condemnation proceeding, the claimant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (McGinity, J.), entered March 22, 1988, as dismissed its claim for certain consequential damages.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly rejected the claimant's claim for consequential damages in the amount of $59,074, representing the cost of demolition and restructuring of a wall. When the respondent took a portion of the claimant's property for a municipal parking lot, the claimant was entitled to recover direct damages for the property taken in addition to any consequential damages to the remainder *(see, Pennsylvania & S. Gas Co. v State of New York,* 57 AD2d 166). The respondent was responsible for the lesser of the uncured consequential damages or the cost to cure damages, with such damages to be measured at time of the taking *(see, Matter of City of New York [Salvation Army],* 43 NY2d 512; *Wolfe v State of New York,* 22 NY2d 292; *Pennsylvania & S. Gas Co. v State of New York, supra).* However, the claimant has failed to demonstrate that the demolition and the restructuring of the wall is the only cure. The claimant was not entitled to additional compensation since the record reveals that any additional damage was cured by resurfacing and waterproofing. Kunzeman, J. P., Rubin, Harwood and Balletta, JJ., concur.